UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIONEERS MEMORIAL HEALTHCARE DISTRICT, a California municipal corporation,<br><br>          Petitioner,<br><br>v.<br><br>IMPERIAL VALLEY HEALTHCARE DISTRICT, a California municipal corporation, et al.<br><br>          Respondents.<br><br>ROB BONTA, in his official capacity as California Attorney General,<br><br>          Intervenor-Respondent. | Case No.: 24-CV-861 JLS (LR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S REQUEST FOR ATTORNEYS' FEES**<br><br>(ECF No. 41) |

On August 19, 2024, the Court issued an Order remanding this case to California Superior Court, Imperial County. ECF No. 39 ("Order") at 24. The Court additionally held that Respondents Imperial Valley Healthcare District, and Enola Berker, Katherine Burnworth, James Garcia, Laura Goodsell, Donald W. Medart Jr., Arturo Proctor, and Rodolfo Valdez in their respective official capacities as IVHD board members (collectively, "IVHD"), lacked an objectively reasonable basis for removal. Order at 22.

Consequently, the Court indicated it was inclined to grant Petitioner Pioneers Memorial Healthcare District ("PMHD") attorneys' fees and costs associated with removal pursuant to 28 U.S.C. § 1447(c). *Id.* at 23. The Court directed PMHD to file a statement of its reasonable fees and costs, along with any appropriate documentation, and permitted IVHD to file a brief challenging the reasonableness of PMHD's calculations. *Id.* at 24–25. The Court retained jurisdiction after remand to address PMHD's request for attorneys' fees and costs. *Id.* at 24.

Subsequently, PMHD filed a Statement of Reasonable Fees and Costs ("PMHD Supp.," ECF No. 40) with an attached Declaration of Kathryn E. Doi ("Ms. Doi") ("Doi Decl.," ECF No. 40-1). IVHD then filed its Response to Petitioner's Statement of Attorneys' Fees and Costs ("IVHD Supp.," ECF No. 41) with an attached Declaration of Adriana Ochoa ("Ochoa Decl.," ECF No. 41-1). Nearly four months later, PMHD filed an additional Declaration of Ms. Doi in support of PMHD's Statement of Reasonable Fees and Costs.[1] ECF No. 43 ("Doi Second Decl.").

## LEGAL STANDARD

To calculate an award of attorneys' fees, district courts apply "the lodestar method, multiplying the number of hours reasonably expended by a reasonable hourly rate." *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "A reasonable hourly rate is ordinarily the prevailing market rate in the relevant community." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (internal quotation marks and citation omitted). "[T]he burden is on the fee applicant to

---

[1] In her second Declaration, Ms. Doi asserts that while the issue of PMHD's fees and costs has been under submission, the case has been remanded to Imperial County Superior Couty and PMHD has received documents produced by the Attorney General that "suggest the motivation underlying the improper removal of the action may have been in order to give the Attorney General an automatic right to intervene under Rule 5.1 in order to mask how closely IVHD and the Attorney General were working together." Doi Second Decl. ¶ 10. As the Court has already found IVHD lacked an objectively reasonable basis for removal, *see* Order at 22, the Court does not make any finding with respect to this Declaration, nor does it bear on the Court's analysis of the reasonableness of PMHD's calculation of its fees and costs.

produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camancho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (internal quotation marks and citation omitted). "Once a fee applicant presents such evidence, the opposing party has a burden of rebuttal that requires submission of evidence . . . challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110–11 (9th Cir. 2014) (internal quotation marks and citation omitted).

Litigants seeking fees have the "initial burden of production," under which they "must produce satisfactory evidence establishing the reasonableness of the requested fee." *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015). Thus, the applicant must "document[ ] the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Id.* 1397–98. "The district court . . . should exclude . . . hours that were not 'reasonably expended'" and "hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. "[F]ail[ure] to offer either countervailing evidence or persuasive argumentation in support of [the fee target's] position" permits the district court to presume a properly supported fee application is reasonable. *$28,000.00 in U.S. Currency*, 802 F.3d at 1106–07 (citations and internal quotation marks omitted).

## ANALYSIS

PMHD seeks attorneys' fees and costs against IVHD in the amount of $156,723.35. PMHD Supp. at 2. PMHD indicates its counsel expended approximately 287.6 hours representing PMHD in this matter for work incurred as a result of IVHD's removal of this action. *Id.* at 4. IVHD, in turn, argues this number of hours is unreasonable and excessive.

IVHD argues a fair fee award should not exceed $58,054.06, or in the alternative, should be stayed. IVHD Supp. at 5.

The Court first disposes of IVHD's alternative request to stay the award of attorneys' fees, which appears to be a disguised attempt to have the Court reconsider its finding that IVHD lacked an objectively reasonable basis to remove this case. Such arguments are not appropriate as IVHD has not moved for reconsideration of the Court's prior Order, *see* Docket, and was permitted only to challenge the reasonableness of PMHD's fee calculations, *see* Order at 24–25. In any event, the Court declines IVHD's request as IVHD reiterates the same argument it made to the Court in its Reply in Support of its Motion to Dismiss: it was forced to make a determination about removal with limited time, as PMHD purportedly initially represented to IVHD that it was going to amend its petition to remove all federal causes of action, but "reversed course by keeping all federal allegations and adding new federal claims to its lawsuit[.]" *Id.* at 7; *see also* ECF No. 32 at 8–10. The Court already addressed and rejected this argument, *see* Order at 23–24 n.25, and the Court sees no reason to rehash this issue here. And while the Court is mindful IVHD is a newly created public agency which is currently "solely funded by taxpayer dollars from the mostly rural and impoverished city of Calexico in the Imperial Valley," *see* IVHD Supp. at 7–8, IVHD has not pointed to any authority finding a stay or limit of attorneys' fees on this basis appropriate.

With that in mind, the Court turns to the Parties' arguments regarding the reasonableness of PMHD's request for attorneys' fees and costs. IVHD only disputes the reasonableness of the hours spent by PMHD. IVHD does not challenge PMHD's counsel's hourly rates, and instead adopts an average rate based on PMHD's asserted rates into its own calculations. IVHD Supp. at 6. PMHD's counsel's hourly rates are reflected in the table below:

///
///
///

| Biling Professional | Title | Hourly Rate |
|---|---|---|
| Kathryn E. Doi | Partner | $695.00 |
| Kathy Ghiladi | Partner | $650.00 |
| Wendy Ortega | Associate | $410.00 |
| Noemy Leyva | Paralegal | $180.00 |

PMHD Supp. at 7.

     PMHD supports these rates with a Declaration by Ms. Doi that the above hourly rates are the ones regularly charged by the firm and are reasonable and commensurate with the prevailing rate of similarly skilled attorneys. Doi Decl. ¶ 7. Further, PMHD and Ms. Doi represent that Ms. Doi "has almost 40 years of experience in administrative and regulatory law and litigation, with a focus on the representation of healthcare entities for the past 15 years;" "Ms. Ghiladi has 33 years of experience in litigation with a focus on the representation of healthcare entities for the past 27 years;" "Ms. Ortega was admitted to the California State Bar in November 2023, but also has six years of litigation experience as a law clerk and paralegal" in healthcare litigation practices; and "Ms. Leyva is a litigation paralegal with over 20 years of professional experience." PMHD Supp. at 7; *see also* Doi Decl. ¶¶ 2–6. PMHD also states the issues briefed in responding to three Motions to Dismiss in this case were "complex, both in terms of legal and factual analysis, including, the workings of [Assembly Bill] 918[,] . . . third-party standing doctrine, the California constitution's prohibition against special legislation, and the federal and state equal protection principles." PMHD Supp. at 5.

     Finally, PMHD contends that its counsel's hourly rates are consistent with the range found reasonable by this Court and other judges in this District for attorneys with comparable experience. *Id.* at 7–8 (citing *Flowrider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No. 15CV1879-BEN (BLM), 2017 WL 2212029, at *3 (S.D. Cal. May 18, 2017), where the court approved hourly rates for $750 for attorney with 25 years of experience, $550 for attorney with 10 years of experience, $350 for attorney with 4 years of experience, and

$150 for paralegal; then citing *Smith v. Aetna Life Ins. Co.*, No. 18-CV-1463 JLS (WVG), 2020 WL 6055147, at *8 (S.D. Cal. Oct. 14, 2020), where this Court approved hourly rates of $700 for an attorney with 33 years of experience and $375 to $400 for associates with 2 to 10 years of experience; and then citing *Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, No. 10-CV-0541-GPC WVG, 2014 WL 6851612, at *5 (S.D. Cal. Dec. 3, 2014), where the court found hourly rates of between $170 and $895, for particular attorney or paralegal, reasonable).

The Court finds PMHD's requested hourly rates to be reasonable. While the Court notes two of PMHD's cited decisions involve counsel specializing in intellectual property whose proposed rates were measured against rates charged for patent litigation, *see Flowrider Surf Ltd.*, 2017 WL 2212029, at *3; *see also Zest IP Holdings*, 2014 WL 6851612, at *5–6, these decisions are also approximately eight to ten years old, and the Court is satisfied that PMHD's counsel's hourly rates are within the general range normally charged within this legal community, and further reasonable based on the complexity of the issues in this case. *See Soler v. County of San Diego*, No. 14cv2470-MMA (RBB), 2021 WL 2515236, at *5 (S.D. Cal. June 18, 2021) (finding $650 per hour appropriate for a partner with 25 years of experience and noting that "[o]ver the course of the past several years, courts in this District have awarded hourly rates for work performed in civil cases by attorneys with significant experience anywhere in range of $550 per hour to more than $1000 per hour" (collecting cases)); *see also Vasquez v. Kraft Heinz Foods Co.*, No. 3:16-cv-2749-WQH-BLM, 2020 WL 1550234, at *7 (S.D. Cal. Apr. 1, 2020) (finding reasonable hourly rates of $400 for attorneys with 4 years of experience and $325 for an attorney with 2 years of experience); *3D Sys., Inc. v. Wynne*, No. 21-cv-1141-AGS-DDL, 2025 WL 51443, at *2–3 (S.D. Cal. Jan. 7, 2025) (finding rates of $830 for partners, $475 to $505 for associates, and $200 for paralegal, to be reasonable).

The Court next turns to the contested issue of the reasonableness of the hours spent by PMHD's counsel. The Parties break down PMHD's counsel's activity into six

categories: (1) general activity related to responding to removal; (2) preparing the "Rule 5.1 notice"; (3) responding to three Motions to Dismiss; (4) preparing the Motion for a Preliminary Injunction; (5) preparing the Statement of Fees and Costs; and (6) costs. PMHD Supp. at 8; IVHD Supp. at 6.

IVHD represents the Parties' differing positions as to these categories in the following chart:

| Activity | Total Hours Requested by PMHD | Total Value Proposed by PMHD | Total Hours Proposed by IVHD | Total Value Proposed by IVHD (using PMHD avg. rate of $156,522.00/287.6 = $544.24) |
|---|---|---|---|---|
| General activity related to responding to removal | 18.9 | $9,242.00 | 0 | $0 |
| Rule 5.1 notice | 22.5 | $11,333.00 | 3 | $1,632.72 |
| Responding to three motions to dismiss | 98.3 | $54,929.00 | 98.3 | $53,498.79 |
| Motion for preliminary injunction | 111.28 | $64,809.50 | 0 | $0 |
| Preparation of statement of fees and costs | 35.1 | $16,208.50 | 5 | $2,721.20 |
| TOTAL FEES | 287.6 | $156,522.00 | 106.3 | $57,852.71 |
| Costs | | $201.35 | | $201.35 |
| **TOTAL FEES AND COSTS** | 287.6 | $156,723.35 | 106.3 | $58,054.06 |

1  IVHD Supp. at 6. The Court will address each in turn.

2  First, PMHD asserts it spent 18.9 hours on "[g]eneral activity related to responding to removal." PMHD Supp. at 8. IVHD objects to these entries as "too broad and unrelated to removal to include in the scope of this attorneys' fee award," citing items such as "team meeting to discuss case strategy" and "various internal discussions regarding the parties' joint motion on an extension of time to respond to the amended complaint[.]" IVHD Supp. at 3–4. IVHD contends that team meetings to discuss case strategy would occur whether the case was in federal or state court, as would the extension of time to respond to the amended petition, which occurred as a result of Respondent Imperial Local Agency Formation Commission's ("LAFCO") association of new counsel. *Id.* at 4. Moreover, IVHD argues "at least 5.7 hours of the 'general activity' reflected in the billing records occurred prior to the May 15, 2024 removal, so these hours could not have been caused by removal, and should clearly be stricken." *Id.*

The language of section 1447(c) refers to the payment of expenses "incurred as a result of the removal." As the Ninth Circuit explained:

> When defendants remove a case improperly, for example, they cause the plaintiffs to incur the expense of seeking a remand. That expense is a direct result of the removal, and section 1447(c) permits the plaintiffs to recoup that expense. In contrast, other fees and costs incurred in federal court after a removal may be related only tenuously to the removal, as when they replace similar fees and costs that would have been incurred in state court if the litigation had proceeded there. Such fees and costs cannot be considered "incurred as a result of the removal."

*Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 (9th Cir. 1995); *see also OpenGov, Inc. v. GTY Tech. Holdings Inc.*, No. 18-cv-07198-JSC, 2019 WL 2010707, at *7 (N.D. Cal. May 7, 2019).

The Court is persuaded that the hours reflected for "general activity" are only

tenuously related to removal, at best. While PMHD's entries before the removal took place reflect work related to the possibility of removal, the Court does not find these can properly be considered a "direct result" of a removal that had not yet occurred. And the Court agrees that Petitioner's remaining "general activity" time entries, such as entries for reviewing and calendaring deadlines, discussing "next steps," and preparing joint motions for extensions of time, *see* Doi Decl., Exhibit ("Exh.") A at 11–12,[2] are either not directly related to removal or are too broad for the Court to discern whether they replace "similar fees and costs that would have been incurred in state court." *Baddie*, 64 F.3d at 490. This is particularly true as the fees and costs "need not be *identical*, but only *similar* to those 'that would have been incurred in state court if the litigation had proceeded there.'" *OpenGov, Inc.*, 2019 WL 2010707, at *7 (emphasis in original). Accordingly, the Court will not award Petitioner fees from these 18.9 hours.

Next, PMHD asserts it spent 22.5 hours preparing the required notice to the California Attorney General ("Intervenor") pursuant to Rule 5.1 of the Federal Rules of Civil Procedure ("Rule 5.1 Notice"). PMHD Supp. at 4. IVHD argues PMHD could not have reasonably spent 22.5 hours "preparing a three-page notice to the California Attorney General pursuant to Federal Rules of Civil Procedure Rule 5.1." IVHD Supp. at 3. IVHD points out that Rule 5.1 "on its face merely requires that, when a state statute is questioned and the parties to the action do not include the state, the party that filed the pleading drawing into question the constitutionality of a state statute must promptly, '(1) file a notice of constitutional question stating the question and identifying the paper that raises it, . . . and (2) serve the notice and paper [. . . .] on the state attorney general if a state statute is questioned— either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.'" *Id.*; *see also* Fed. R. Civ. P. 5.1(a). IVHD argues PMHD's notice is unnecessarily more robust than

---

[2] Citation to page numbers in Ms. Doi's Declaration, Exhibit A (ECF No. 40-1), refer to the CM/ECF pagination in the top right corner.

1  required by Rule 5.1, and even then, is only a three-page notice summarizing the action
2  with language duplicative, or nearly identical to sections from its amended petition for writ
3  of mandate. *Id.* IVHD thus requests this scope be limited to three hours or less. *Id.*

4  Upon review of PMHD's time entries, the Court finds the hours asserted to be
5  excessive and duplicative. For instance, the entries consist of repeated "reviews" of the
6  Notice. Doi Decl., Exh. A at 16. And other entries consist of research on various topics
7  that occurred after serving the Rule 5.1 Notice, *id.* at 16–17, and thus cannot properly be
8  attributed to the "preparation" of the Notice. Based on the Court's review of PMHD's
9  entries, the Court finds 4.6 of the hours spent by Ms. Ortega, and 1.4 of the hours spent by
10 Ms. Doi, to be reasonable. *See Albion Pac. Prop. Res., LLC v. Seligman*, 329 F.Supp.2d
11 1163, 1169 (N.D. Cal. July 1, 2004) ("If the requested number of hours is greater than the
12 number of hours reasonably competent counsel would have billed, then the court should
13 reduce the requested number of hours accordingly." (citing *Hensley*, 461 U.S. at 434)).
14 The Court calculates the fees for these hours, based on the hourly rates provided for
15 Ms. Ortega ($410.00/hour) and Ms. Doi ($695.00/hour) to be $1,886.00 and $973.00,
16 respectively, resulting in a total of $2,859.00 in fees for preparing the Rule 5.1 Notice.

17 Then, PMHD argues its counsel spent 98.3 hours on briefing related to the three
18 Motions to Dismiss. PMHD Supp. at 4. PMHD contends these hours are reasonable in
19 light of the complexity of the Motions to Dismiss and were incurred as a result of the
20 removal because "the primary grounds for the motions to dismiss were to challenge
21 PMHD's standing to litigate its claims in federal court, issues that would not have been
22 raised if the case had remained in state court." PMHD Supp. at 5. PMHD explains this
23 case had an "unusual posture because the Respondent IVHD removed the action to federal
24 court then tried to use the federal court venue to argue the petition should be dismissed for
25 lack of jurisdiction," which forced PMHD, who originally filed in state court, to both
26 "oppose dismissal on federal grounds and seek a remand and its costs if the Court
27 determined to remand the case." *Id.*

28 IVHD does not challenge the reasonableness of these hours or that they were

incurred as a result of the removal. *See* IVHD Supp. at 6. The Court finds these unopposed hours spent to be facially reasonable, thus must presume they are reasonable. *$28,000.00 in U.S. Currency,* 802 F.3d at 1105–06. And the Court is persuaded these fees were incurred as a result of the removal. The Court thus adopts the calculation of the fees provided by PMHD, and awards $54,929.00 for hours spent briefing responses to the three Motions to Dismiss.[3]

Additionally, PMHD argues its counsel spent 112.8 hours preparing and briefing PMHD's Motion for Preliminary Injunction and replying to the Oppositions filed in this Court. PMHD Supp. at 5. IVHD responds that the filing was not necessary in light of the pending Motions to Dismiss and was not associated with or a result of the removal to federal court. IVHD Supp. at 4. IVHD also explains that it requested PMHD agree to stay the briefing on the Motion for Preliminary Injunction pending the Court's determination on the Motions to Dismiss, "specifically in order to avoid costly briefing for all clients that might become moot depending on how the court would rule on the motion to dismiss," and PMHD declined. *Id.* at 4–5. PMHD contends that it could not afford to wait for resolution of the dismissal motions before seeking preliminary relief. PMHD Supp. at 5. PMHD also indicates these fees were incurred as a result of the removal as it had to file the Motion in federal court because the case was removed. *Id.* at 6.

The Court agrees with IVHD that PMHD's hours spent on its Motion for Preliminary Injunction were not incurred as a result of the removal. PMHD's argument that it had to file its Motion for Preliminary Injunction in federal court due to removal, does not persuade the Court that the expense of filing such motion was a "direct result" of IVHD's removal,

---

[3] The Court notes IVHD proposes a slightly lower value of $53,498.79 for the uncontested 98.3 hours of work, as IVHD uses an average rate based on the total value proposed by PMHD divided by the total hours proposed by PMHD. IVHD Supp. at 6. However, IVHD does not explain why the Court should use such average rate in its calculation of the uncontested 98.3 hours. For example, IVHD does not contend lower billing attorneys should have done certain work that was done by higher billing attorneys. Based on the Court's review, and as IVHD does not dispute the rates charged by the attorneys nor the hours expended on this activity, the Court finds PMHD's proposed $54,929.00 reasonable and appropriate.

1  as there is no indication a similar motion in state court would have been unnecessary had
2  the case not been removed.  Indeed, Ms. Doi's most recent Declaration alludes to PMHD
3  filing a motion for preliminary injunction in this case in state court.  *See* Doi Second Decl.
4  ¶ 7 (explaining that, after this case was remanded and while proceeding in state court,
5  PMHD received documents "on December 4, 2024, the day before PMHD's reply brief *in*
6  *support of its preliminary injunction motion* was due . . ." (emphasis added)).  Accordingly,
7  the Court will not award fees from hours spent on PMHD's Motion for Preliminary
8  Injunction.

9  Finally, PMHD contends it will have spent 35.1 hours in connection with the
10 preparation of its fee statement.  PMHD Supp. at 6.  IVHD argues this is excessive,
11 unwarranted, duplicative, and inefficient, contending the "statement of fees did not require
12 significant legal research or drafting, as the Court had already determined in its order that
13 it was awarding fees—the only missing information was the amount of fees requested and
14 the records proving up the amount sought and associated with the removal." IVHD Supp.
15 at 5.  IVHD argues four timekeepers could not have reasonably billed 35.1 hours towards
16 this exercise, and no billing records are included to support these hours, "except four block-
17 billed descriptions in a table in PMHD's brief, which entries overlap and reveal
18 unnecessary work."  *Id.*  IVHD requests this scope be reasonably reduced to five hours or
19 less.  *Id.*

20 The Court agrees that these hours appear excessive in light of the Court's prior
21 finding that a fee award was appropriate, and request only for a statement of PMHD's
22 reasonable fees and supporting documentation.  Moreover, the fees are block billed,
23 making it difficult for the Court to determine how much time was spent on particular
24 activities.  For instance, Ms. Doi spent 8.5 hours "review[ing] invoices and identify[ing]
25 fees and costs incurred as a result of the removal; draft[ing] descriptions re: complexity of
26 work; provid[ing] overall direction and review and editing of the brief and declaration."
27 Doi Decl. ¶ 16.  And as to Ms. Ortega, PMHD only provides one entry for 20.7 hours of
28 work, purportedly spent both preparing the initial draft of the brief and declaration, as well

as revising and editing brief and declaration in response to comments. *Id.* As the Court cannot discern how much time PMHD's counsel spent on any discrete task, the Court finds a reduction to PMHD's block billed entries for PMHD's preparation of its fee statement appropriate.

However, the Court is not persuaded by IVHD's suggestion that a reduction to five hours is reasonable. Instead, based on its review of PMHD's entries, the Court finds a reduction by 20 percent for the fees associated with preparing PMHD's fee statement to fairly balance the hours that were actually billed in block format. *See Amphastar Pharms. Inc. v. Aventis Pharma SA*, 5:09-cv-00023-SHK, 2020 WL 8680070, at * 10 (C.D. Cal. Nov. 13, 2020) (finding 20 percent reduction for block billed entries to be appropriate, noting that the Ninth Circuit "d[id] not quarrel with the district court's authority to reduce hours that we[re] billed in block format," after observing that the district court "adopted the 20 percent as within the [California Bar] Fee Report's 'middle range'" (quoting *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007)); *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 968 (N.D. Cal. 2014) (reducing fee award by 20 percent for block billing); *MKB Constructors v. Am. Zurich Ins. Co.*, 83 F. Supp. 3d 1078, 1086 (W.D. Wash. 2015) (20 percent reduction for block billing). As PMHD proposes a value of $16,208.50 for its 35.1 proposed hours, the Court calculates a 20 percent reduction to be $12,966.80.

Accordingly, the Court calculates reasonable fees of $70,754.80 by adding the fees for preparing the Rule 5.1 Notice ($2,859.00), plus fees for responding to the three Motions to Dismiss ($54,929.00), plus fees for preparing the Statement of Fees and Costs ($12,966.80).

PMHD also represents it incurred $201.35 in costs relating to removal of this Action, including courier costs for serving notices and pleadings to Respondents and the California Attorney General. PMHD Supp. at 8. IVHD does not challenge PMHD's proposed costs of $201.35, *see* IVHD Supp. at 6, and the Court finds these reasonable and incurred as a result of removal.

///

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** PMHD's request for attorneys' fees and **AWARDS** PMHD attorneys' fees in the amount of $70,754.80 plus costs in the amount of $201.35, for a total award of $70,956.15.

**IT IS SO ORDERED.**

Dated: April 11, 2025

Hon. Janis L. Sammartino
United States District Judge